IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN PETROLEUM INSTITUTE, CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, INDEPENDENT PETROLEUM ASSOCIATION OF AMERICA, NATIONAL FOREIGN TRADE COUNCIL,<br><br>Plaintiffs,<br><br>v.<br><br>SECURITIES AND EXCHANGE COMMISSION,<br><br>Defendant. | Civil Action No. 12-cv-1668 (JDB) |

**EXPEDITED JOINT MOTION TO LIFT STAY; FOR EXPEDITED REVIEW OF PLAINTIFFS' SUMMARY JUDGMENT MOTION; AND TO DECIDE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON THE BRIEFS SUBMITTED TO THE COURT OF APPEALS**

This case was stayed pending resolution of an identical lawsuit filed in the D.C. Circuit in October 2012. Plaintiffs American Petroleum Institute, Chamber of Commerce of the United States of America, Independent Petroleum Association of America, and National Foreign Trade Council filed the same lawsuit in both courts because it was unclear which court had initial jurisdiction. The D.C. Circuit placed the case on an expedited briefing and argument schedule, and last Friday, April 26, 2013, a mere five weeks after oral argument, dismissed for want of jurisdiction.

The parties now respectfully move this Court to lift its December 5, 2012 stay of proceedings in this action and to expedite consideration of this motion and resolution of plaintiffs' summary judgment motion, which will be filed promptly in accordance with the proposed

1

Scheduling Order being submitted concurrently herewith.  The parties further move the Court to decide plaintiffs' summary judgment motion on the briefs the parties already submitted to the court of appeals, as more fully set forth in the proposed Scheduling Order.

This motion is supported by the Memorandum of Points and Authorities filed concurrently herewith.

Dated:  May 1, 2013                                                        Respectfully submitted,

/s/  William K. Shirey                                                        /s/ Eugene Scalia
Michael A. Conley                                                           Eugene Scalia, SBN 447524
conleym@sec.gov                                                            *Counsel of Record*
William K. Shirey                                                              Thomas M. Johnson, Jr., SBN 976185
shireyw@sec.gov                                                            Ashley S. Boizelle
Theodore J. Weiman                                                       GIBSON, DUNN & CRUTCHER LLP
weimant@sec.gov                                                           1050 Connecticut Ave., N.W.
Securities and Exchange Commission                            Washington, D.C.  20036
100 F Street, N.E.                                                              Telephone:  (202) 955-8500
Washington, D.C. 20549                                                  Facsimile:  (202) 467-0539
*Counsel for the SEC*                                                        EScalia@gibsondunn.com
                                                                                              *Counsel for Plaintiffs*

*Of Counsel*                                                                     *Of Counsel*
Harry M. Ng                                                                      Rachel Brand
Peter C. Tolsdorf                                                                National Chamber Litigation Center, Inc.
American Petroleum Institute                                          1615 H Street, N.W.
1220 L Street, N.W.                                                           Washington, D.C. 20062
Washington, D.C. 20005                                                   Telephone:  (202) 463-5337
Telephone:  (202) 682-8500                                              *Counsel for Plaintiff Chamber of Commerce of*
*Counsel for Plaintiff American Petroleum*                  *the United States of America*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN PETROLEUM INSTITUTE, CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, INDEPENDENT PETROLEUM ASSOCIATION OF AMERICA, NATIONAL FOREIGN TRADE COUNCIL,<br><br>Plaintiffs,<br><br>v.<br><br>SECURITIES AND EXCHANGE COMMISSION,<br><br>Defendant. | Civil Action No. 12-cv-1668 (JDB) |

**JOINT MEMORANDUM OF LAW IN SUPPORT OF EXPEDITED JOINT MOTION TO LIFT STAY; FOR EXPEDITED REVIEW OF PLAINTIFFS' SUMMARY JUDGMENT MOTION; AND TO DECIDE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON THE BRIEFS SUBMITTED TO THE COURT OF APPEALS**

This case is identical to one that was filed simultaneously in the D.C. Circuit in October 2012. Plaintiffs filed in both courts because there was uncertainty where jurisdiction lay. This case was stayed, and the case in the D.C. Circuit was briefed, argued, and decided on an expedited basis. Last Friday, April 26, the court of appeals dismissed on jurisdictional grounds.

Plaintiffs and defendant Securities and Exchange Commission ("SEC" or the "Commission") now jointly move to lift the stay and to expedite the case in this Court, including to expedite consideration of this motion. The parties respectfully request that the Court decide this case on plaintiffs' motion for summary judgment and on the basis of the briefing already submitted by the parties before the court of appeals (and on oral argument before this Court).

1

## PROCEDURAL BACKGROUND

On October 10, 2012, plaintiffs American Petroleum Institute, Chamber of Commerce of the United States of America, Independent Petroleum Association of America, and National Foreign Trade Council filed this action to challenge a final rule of the SEC.  *See* Complaint (D.D.C. Oct. 10, 2012) (D.E. 1); Disclosure of Payments by Resource Extraction Issuers, 77 Fed. Reg. 56,365 (Sept. 12, 2012) (the "Rule").  The Rule requires public companies to file reports with the SEC that disclose payments of more than $100,000 that were made to the U.S. and foreign governments for the commercial development of oil, gas, and minerals.  The reports are to be made publicly available.  Plaintiffs challenge the Rule under the Administrative Procedure Act and the Securities Exchange Act.  They also contend that the Rule, and the statutory provision that authorized it (Section 13(q) of the Dodd-Frank Act), violate the First Amendment.

On the same day that plaintiffs filed their complaint, they filed a petition for review of the Rule in the D.C. Circuit (Petition for Review, No. 12-1398 (D.C. Cir. Oct. 10, 2012) (Doc. 1399167)), because it was uncertain which court had initial jurisdiction of the challenge.

On October 15, 2012, plaintiffs submitted an emergency motion asking the court of appeals to determine whether it had jurisdiction.  *See* Emergency Motion to Determine Jurisdiction, No. 12-1398 (D.C. Cir. Oct. 15, 2012) (Doc. 1399710).  The motion requested an "expeditious determination" of the jurisdictional issue, because the first reports under the Rule are due in early 2014, and delay in resolving plaintiffs' challenge would, plaintiffs argue, place "significant costs" on companies preparing to comply with the Rule.  *Id.* at 1-2.  In response, the Commission took the position that the court of appeals had jurisdiction over the petition for review, but took no position on expedition.  *See* Response in Support by SEC, No. 12-1398 (D.C. Cir. Oct. 23, 2012) (Doc. 1401068).

The court of appeals deferred consideration of jurisdiction and ordered the parties to brief that issue alongside the merits. *See* Per Curiam Order, No. 12-1398 (D.C. Cir. Nov. 1, 2012) (Doc. 1402612). It entered an expedited briefing schedule, under which the parties were to complete briefing by January 28, 2013, and the court would hear argument on the earliest available date. *See id.* At that point, the parties moved to stay further proceedings in this Court pending resolution of the ongoing proceedings in the D.C. Circuit, which this Court granted. *See* Minute Order (D.D.C. Dec. 5, 2012).

The parties completed briefing on the schedule set forth by the court of appeals, and oral argument was held on March 22, 2013. Last Friday, April 26, just five weeks after the case was argued, the D.C. Circuit dismissed plaintiffs' petition for review for lack of jurisdiction, thereby establishing that this Court is the proper forum for plaintiffs to pursue their rule challenge in the first instance. *See* Ex. A, *American Petroleum Institute et al. v. Securities and Exchange Commission*, No. 12-1398 (D.C. Cir. Apr. 26, 2013) (Doc. 14327391).

Plaintiffs do not intend to file a motion for rehearing. Instead, for the same reasons they sought and the D.C. Circuit granted expedited review, plaintiffs seek expedited consideration in this Court. The Commission also believes that expedition is appropriate to ensure prompt resolution of plaintiffs' legal challenge to the Rule. To that end, and because this case was quite recently fully briefed on the merits in the D.C. Circuit, the parties move this Court to accept the court of appeals briefing as the briefing in this Court for purposes of summary judgment.

### DISCUSSION

1.  The parties respectfully request that this Court lift its stay of these proceedings to permit action on plaintiffs' motion for summary judgment, which plaintiffs intend to file in accordance with the proposed Scheduling Order submitted concurrently herewith.

2.      Under 28 U.S.C. § 1657(a), "each court of the United States . . . shall expedite the consideration of [any action] if good cause therefor is shown." The parties agree that expedited consideration of this case will increase the probability of final resolution of plaintiffs' challenge prior to the applicable compliance dates under the Rule, and will help avoid litigation that might otherwise occur regarding the propriety of a stay.

In addition, plaintiffs seek expedition for the same reasons the case was expedited in the court of appeals. Plaintiffs submit that this litigation involves an enormously costly Rule that, by the Commission's own estimation, will impose billions of dollars in direct and indirect costs on public companies (and ultimately their shareholders). *See* 77 Fed. Reg. at 56,398/1, 56,412/1, 56,402/3. The Commission has estimated the Rule's initial compliance costs at $1 billion, with ongoing compliance costs of $200 to $400 million. *See id.* at 56,398/1, 56,412/1. Because the Rule took effect on November 13, 2012, the estimated $1 billion in initial compliance costs are already accruing, as plaintiffs' members prepare for reporting that must begin in early 2014. *See id*. at 56,404/2 (noting that "resource extraction issuers will incur costs to provide the payment disclosure for the payment types identified in the statute, such as the costs associated with modifications to the issuers' core enterprise resource planning systems and financial reporting systems to capture and report the payment data at the project level, for each type of payment, government payee, and currency of payment").

Time is even more of the essence now than when the court of appeals agreed to expedited review: The compliance deadline is six months closer, and the case now most proceed through *two courts*—this Court, and it seems certain, the D.C. Circuit—before a final decision is reached.

3.      The parties agree that this case can properly be resolved on summary judgment. To facilitate expeditious resolution of this action, the parties request that plaintiffs' motion for

4

summary judgment, which will be filed in accordance with the Court's Scheduling Order, be decided on the briefs already filed by the parties in the D.C. Circuit (as well, of course, as on the record before the agency below and argument before this Court). The parties intend to file briefs identical to their briefs in the court of appeals, with only the caption and date changed. Plaintiffs' opening D.C. Circuit brief will be treated as a memorandum of law in support of a motion for summary judgment; the Commission's D.C. Circuit brief will be treated as an opposition to summary judgment; and plaintiffs' D.C. Circuit reply brief will be treated as a reply in support of summary judgment. Proceeding on the briefs from the appeals court will avoid needless delay and duplication of effort, as the parties already have thoroughly briefed all issues that would bear on this Court's resolution of plaintiffs' motion for summary judgment.[1]

4. The parties respectfully propose that in accordance with the proposed Scheduling Order filed concurrently herewith, within seven (7) days of this Court entering the Scheduling Order, plaintiffs will file their motion for summary judgment, and plaintiffs and the Commission will file the same briefs and joint appendix that were filed with the court of appeals. The parties consent to any intervenor and *amici* who filed briefs in the court of appeals filing the same briefs in this litigation within 14 days of the Court entering the Scheduling Order.

5. Due to the nature of the proceedings, the parties jointly propose to dispense with the scheduling and conference procedures of Rules 16 and 26(f) of the Federal Rules of Civil

---

[1] Because the court of appeals briefs were submitted in 14-point font in accordance with that court's rules, they contain more pages than this Court's rules provide for motions. However, the briefs' true length is consistent with this Court's limitations. Plaintiffs opening brief, for example, would be 46 pages if reduced to 12-point font, three pages of which is the jurisdictional section that is now moot. Plaintiffs' reply brief, in turn, would run fewer than 25 pages if reduced to 12-point font. The parties respectfully submit that it would involve needless effort and delay to trim the arguments the parties have already fully briefed, and their responses thereto, to fit within the 45-page limitation.

Procedure, and to substitute this report and such other reports as the Court may request in place of the report ordinarily required under Rule 26(f).

6.   The parties further propose to waive the exchange of initial disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure and to waive the obligation of the Commission to answer the Complaint.

## CONCLUSION

For the reasons stated above, the parties respectfully request that this Court (1) lift the stay entered on December 5, 2012; (2) expedite consideration of plaintiffs' motion for summary judgment; and (3) decide plaintiffs' motion for summary judgment on the papers already submitted to the D.C Circuit.

Dated May 1, 2013                                                            Respectfully submitted,

| | |
|---|---|
| William K. Shirey | /s/ Eugene Scalia |
| Michael A. Conley | Eugene Scalia, SBN 447524 |
| conleym@sec.gov | *Counsel of Record* |
| William K. Shirey | Thomas M. Johnson, Jr., SBN 976185 |
| shireyw@sec.gov | Ashley S. Boizelle |
| Theodore J. Weiman | GIBSON, DUNN & CRUTCHER LLP |
| weimant@sec.gov | 1050 Connecticut Ave., N.W. |
| Securities and Exchange Commission | Washington, D.C.  20036 |
| 100 F Street, N.E. | Telephone:  (202) 955-8500 |
| Washington, D.C. 20549 | Facsimile:  (202) 467-0539 |
| *Counsel for the SEC* | EScalia@gibsondunn.com |
| | *Counsel for Plaintiffs* |
| *Of Counsel* | |
| Harry M. Ng | *Of Counsel* |
| Peter C. Tolsdorf | Rachel Brand |
| American Petroleum Institute | National Chamber Litigation Center, Inc. |
| 1220 L Street, N.W. | 1615 H Street, N.W. |
| Washington, D.C. 20005 | Washington, D.C. 20062 |
| Telephone:  (202) 682-8500 | Telephone:  (202) 463-5337 |
| *Counsel for Plaintiff American Petroleum Institute* | *Counsel for Plaintiff Chamber of Commerce of the United States of America* |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of May, 2013, I caused the foregoing Expedited Joint Motion to Lift Stay; For Expedited Review of Plaintiffs' Summary Judgment Motion; To Decide Plaintiffs' Motion for Summary Judgment on the Briefs Submitted to the Court of Appeals and accompanying memorandum to be filed with the Clerk of Court for the United States District Court for the District of Columbia using the CM/ECF system.  Service was accomplished on all parties via the Court's CM/ECF system.

May 1, 2013                                        */s/ Eugene Scalia*
                                                   Eugene Scalia