

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
100 F Street, N.E.
Washington, D.C. 20549

**OFFICE OF THE
GENERAL COUNSEL**

William K. Shirey
Direct dial: (202) 551-5043
Email: ShireyW@sec.gov

June 10, 2013

The Honorable John D. Bates
United States District Court for the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001

<u>**VIA CM/ECF**</u>

Re.:   *American Petroleum Institute v. Securities and Exchange Commission*
(No. 12-cv-1668 (D.D.C.))

Dear Judge Bates,

Based on the discussion during Friday's oral argument in the above-referenced matter, we believe that there may have been some confusion about the extent to which Section 13(f) of the Securities Exchange Act, 15 U.S.C. § 78m(f), requires the public disclosure of information filed with the Commission pursuant to that provision. We write to provide clarification.

Consistent with the presumption of public disclosure that underlies the Securities Exchange Act's disclosure requirements, Section 13(f) requires that the information that institutional investment managers are required to disclose thereunder must promptly be made publicly available. 15 U.S.C. § 78m(f)(4) ("Promptly after the filing of any such report, the Commission shall make the information contained therein conveniently available to the public ….").

Congress established two limited exceptions to the public disclosure requirement for Section 13(f) information. *First*, Section 13(f)(4) provides that "the Commission, as it determines to be necessary or appropriate in the public interest and for the protection of investors, may delay or prevent public disclosure of any … information [filed in reports required by Section 13(f)] in accordance with [the Freedom of Information Act (FOIA)]." Under this exception, at a minimum, requests for confidential treatment must satisfy one of the limited exemptions from public release of information under the FOIA, *see* 5 U.S.C. § 552(b). *Second*, Section 13(f)(4) provides that, "[n]otwithstanding the preceding [exception], any such information identifying the securities held by the account of a natural person or an estate or trust (other than a business trust or investment company) shall not be disclosed to the public."

Congress intended that the Commission would use the Section 13(f) information for its market regulatory activities (*i.e.*, a purpose that is separate and apart from public disclosure). [1] In light of those purposes, Congress therefore required the Section 13(f) disclosures even in those circumstances when the information might be held confidentially by the Commission.

In these ways, Section 13(f) is distinct from the resource extraction disclosure provision at issue in this case, where Congress neither provided for confidential treatment nor identified any other contemplated use by the Commission for the information disclosed beyond making that information publicly available

                Respectfully yours,

                /s/ William K. Shirey
                William K. Shirey
                *Assistant General Counsel*

cc:    Eugene Scalia (via CM/ECF)
        Jonathan Kaufman (via CM/ECF)

---

[1]    *See* Report of Senate Comm. On Banking, Housing and Urban Affairs, S. Rep. No. 94-75 at 79 (1975), reprinted in 1975 U.S.C.C.A.N. 179, 261 ("It would be expected that the SEC might use the institutional disclosure data in generally two different ways: to analyze the characteristics of institutional investment managers, and to analyze the impact of investment managers on the securities markets."). *See also In re Quattro Global Capital, LLC*, Release No. 34-56252 (Aug. 15, 2007), at 2-3 (discussing why the Section 13(f) disclosures are "valuable to the Commission" in its "regulatory oversight of market practices").